LINGO CORPORATION, Plaintiff,

v.

TOPIX, INC., Topix, Inc. d/b/a Gadget Universe, and Alexander El–Nekaweh, Defendants.

No. 01 Civ. 2863(RMB).

United States District Court, S.D. New York.

Sept. 29, 2003.

Max Moskowitz, Ostrolenk, Faber, Gerb & Soffen, LLP, New York City, for plaintiff.

Bradley S. Gross, New York City, for defendant.

## ORDER

BERMAN, District Judge.

### I. Introduction

Plaintiff Lingo Corporation ("Plaintiff") has filed a motion, dated August 4, 2003, for an order: (1) directing defendants Topix, Inc., Topix, Inc. d/b/a Gadget Universe, and Alexander El–Nekaweh ("Defendants") to pay Plaintiff $7,500.00 in sanctions based upon Defendants' alleged discovery violations and dilatory tactics; (2) allowing Plaintiff to amend the complaint, dated April 4, 2001, to join Comet Electronics, Inc. ("Comet") as an additional plaintiff; and (3) reopening discovery so that representatives of Comet can be deposed in order to authenticate certain documents. (Plaintiff's Motion ("Pl. Motion") at 1.) On August 18, 2003, Defendants submitted an opposition to the motion ("Def. Opposition"), and on August 25, 2003, Plaintiff submitted a reply ("Pl. Reply"). **For the**

reasons stated below, Plaintiff's motion is denied.

## II. Background

Plaintiff is the exclusive domestic distributor of a palm-sized language translator manufactured abroad by Comet. (Summary Judgment Decision, dated January 31, 2003 ("Summary Judgment Decision"), at 2.) Plaintiff brought this action against Defendants alleging claims for copyright infringement, unfair competition, and tortious interference with business relationships. (*Id.* at 1.)

On January 31, 2003, the Court denied Plaintiff's summary judgment motion, and granted in part and denied in part Defendants' cross-motion for summary judgment. The Court set a May 2, 2003 scheduling and settlement conference with the parties. (*See* Summary Judgment Decision at 13–14; Defendants' Letter to the Court, dated May 2, 2003.) When Defendants and their counsel failed to appear at the conference, the Court granted Plaintiff leave to file an application for a default judgment and sanctions. When Plaintiff, in turn, failed to file such an application, the Court issued an order, dated July 17, 2003, discontinuing the action. (Order dated July 17, 2003.) Plaintiff responded with a July 17, 2003 letter explaining the delay, and the Court granted Plaintiff's application to reinstate the action and scheduled briefing on the instant motion. (*See* Memo Endorsement, dated July 22, 2003.)

## III. Analysis

### A. Sanctions

■ Plaintiff alleges that Defendants' sanctionable conduct included failing to: (1) "file an Answer to the original Complaint, despite repeated requests and warnings from the plaintiff that it would move for a default judgment"; (2) provide timely "responses to discovery requests, necessitating at least one Motion to Compel"; (3) "initially respond to [Plaintiff's] Motion for Summary Judgment, and only respond[ing] after being directed by the Court to do so (and miss[ing] the Court-mandated date as well)"; and (4) appear at the scheduled May 2, 2003 scheduling and settlement conference. (Pl. Motion at 1–3.) Defendants respond that: (1) Plaintiff's motion is "wholly conclusory," as Plaintiff provides no support for its claim for $7,500.00 in "unnecessary legal fees"; and (2) Defendants have not "engaged in conduct warranting any sanction." (Def. Opposition at 1–2.)

The Court exercises its discretion not to levy sanctions at this time because, among other things, Defendants, however belatedly, have attempted to come into compliance with various litigation obligations. Defendants' Letter to the Court, dated May 2, 2003; *see, e.g., Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) ("Because of their very potency, inherent powers must be exercised with restraint and discretion."); *Knipe v. Skinner,* 19 F.3d 72, 78 (2d Cir.1994) ("Rule 11 sanctions should be imposed with caution"); *see also Mickle v. Morin,* 297 F.3d 114, 126–27 (2d Cir.2002) ("An award of sanctions under the court's inherent power must be based on 'clear evidence' and must be accompanied by 'a high degree of specificity in the factual findings ....' "); *Sakon v. Andreo,* 119 F.3d 109, 114 (2d Cir.1997) ("we have construed use of both the power granted in § 1927 and the court's inherent power to be authorized only when there is a finding of conduct constituting or akin to bad faith"); *Altschuler v. Samsonite Corp.,* 109 F.R.D. 353, 356–57 (E.D.N.Y. 1986).

### B. Amending the Complaint to Join Comet as Plaintiff

The Court denied Plaintiff's summary judgment motion in part because an assignment of copyright from Comet to Plaintiff, dated March 28, 2001, was not properly authenticated. (Summary Judgment Decision at 6–7.) Presumably, in order to fill this gap, Plaintiff requests that Comet "be joined in this action as a co-plaintiff." (Pl. Motion at 1; Pl. Reply at 2.)[1]

---

1. Plaintiff discusses joinder of Comet in its reply brief. (Pl. Motion at 1; Pl. Reply Br. at 2.) *See, e.g., Playboy Enterprises, Inc. v. Dumas,* 960 F.Supp. 710, 720 n. 7 (S.D.N.Y.1997) ("Arguments made for the first time in a reply brief need not be considered by a court."), *aff'd,* 159 F.3d 1347 (2d Cir.1998).

Plaintiff's motion to amend cannot be deemed "diligent" by any means since the deadline for amending pleadings in this case was originally scheduled for July 15, 2001. (*See* Case Management Plan, dated May 16, 2001.) Since then, the parties completed discovery, the Court issued its Summary Judgment Decision, and the case is now ready to be tried. Plaintiff offers no justification for its delay. *See NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*, 262 F.Supp.2d 134, 150–51 (S.D.N.Y.2003) (denying plaintiff's motion to amend filed "well after the time for making such an amendment has passed, and indeed after the close of discovery and after a motion for summary judgment has been made against them"). The motion to amend is therefore denied.[2]

## C. Reopening Discovery

Plaintiff's request to reopen discovery is similarly untimely (Pl. Motion at 1; Pl. Reply Br. at 2), as the discovery cutoff in this case was originally scheduled for September 15, 2001 (Case Management Plan, dated May 16, 2001). And, at Plaintiff's request, by order dated December 9, 2002, Magistrate Judge Katz has already reopened discovery to allow plaintiff "to conduct limited discovery of Defendants on the subject of Defendants' relationship to an entity known as eGadgets...." (Order, dated December 9, 2002, at 1.) A further reopening months after the discovery cutoff is inappropriate. *See, e.g., Colletti v. Fagin*, No. 90 Civ. 4591, 1999 WL 126461, at *3 (S.D.N.Y. Mar. 10, 1999) (denying request to "reopen discovery on the eve of trial" where party had prior opportunity to conduct the same discovery and "chose not to do so"). "To allow plaintiff to assume that this Court will routinely grant ... extensions would render discovery deadlines meaningless and deprive the trial court of the discretion it needs to ensure fair and orderly discovery." *Clarke v. Mellon Bank,*

*N.A.*, No. Civ. A. 92–CV–4823, 1993 WL 170950, at *6 (E.D.Pa. May 11, 1993). The Court may reconsider the issue of authentication of Plaintiff's copyright at trial.

## IV. Conclusion and Order

For the reasons stated herein, Plaintiff's motion [29] is denied. Counsel and principals are directed to participate in a trial scheduling/settlement conference on Friday, October 10, 2003, at 2:00 p.m., in Courtroom 706 of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York. **The parties are directed to engage in good faith settlement negotiations prior to the conference.**

---

**2.** *See, e.g., Ricciardi v. Kone, Inc.*, 215 F.R.D. 455, 456 (E.D.N.Y.2003) (because "Plaintiff attempt[ed] to join an additional *plaintiff*, ... the Court evaluate[d] the motion for leave to amend under Fed.R.Civ.P. 15(a)."); 4 James W. Moore, *Moore's Federal Practice* § 20.02[2][a][ii] (3d ed.2002) ("Occasionally, ... a plaintiff will fail to effect proper permissive joinder in the complaint, and will seek to bring in additional parties

later in the litigation. Plaintiff may do so only by amending the complaint.... If the defendant has served a responsive pleading, ... the plaintiff must make a motion to amend to effect joinder."); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir.2000) ("a finding of 'good cause' depends on the diligence of the moving party").